1  Matt Adams
   Glenda Aldana Madrid
2  Leila Kang
   Aaron Korthuis
3  NORTHWEST IMMIGRANT RIGHTS PROJECT
   615 Second Avenue, Suite 400
4  Seattle, WA 98104
   (206) 957-8611
5

6              UNITED STATES DISTRICT COURT
7             EASTERN DISTRICT OF WASHINGTON

8  Serafin RANGEL-SEMBRANO,
9
            Plaintiff,
10                                          Case No. 2:25-cv-3
            v.
11
   ADAMS COUNTY SHERIFF'S OFFICE,           **COMPLAINT**
12 ADAMS COUNTY, Evan ARMSTRONG,
   Corporal, Adams County Sheriff's Office,
13 in his individual capacity; Dale WAGNER,
   Sheriff, Adams County Sheriff's Office, in
14 his individual and official capacity.

15          Defendants.

16

17

18

19

20

# **INTRODUCTION**

1. Defendants Adams County Sheriff's Office, Adams County, Corporal Evan Armstrong, and Sheriff Dale Wagner (collectively, Defendants) unlawfully detained Plaintiff Serafin Rangel-Sambrano (Mr. Rangel) after the Adams County District Court ordered his release from custody on his personal recognizance. Despite that court order, Defendants continued to detain Mr. Rangel and transported him over 70 miles to hand him over to agents with the U.S. Border Patrol solely for purposes of civil immigration enforcement.

2. Defendants acted in the face of state and federal law that forbid their actions. As several courts have recognized, requests from the Department of Homeland Security (DHS) to a state law enforcement official do not provide state or local law enforcement officers with any authority to arrest or detain individuals for civil immigration violations. Indeed, acting on such a request violates the Fourth Amendment because the local law enforcement officers lack probable cause. That was especially true here, where Defendants acted even though they lacked a judicial warrant. Case law provides ample notice that Defendants were violating Mr. Rangel's constitutional rights. Moreover, state law directly and unambiguously outlaws Defendants' actions, as Defendants knew full well.

3. This suit seeks damages for Defendants' unlawful actions and challenges Defendants' unlawful policy and practice of refusing to release

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

1  individuals in their custody based solely on a request by immigration officials.

2  Defendants' actions violate the Fourth Amendment, Washington's "Keep

3  Washington Working" law, and the Washington Law Against Discrimination

4  (WLAD). Defendants are therefore liable under 42 U.S.C. § 1983, state tort law,

5  and WLAD for Mr. Rangel's unlawful detention.

6  ## JURISDICTION AND VENUE

7  4.     This action arises under the Constitution and laws of the United

8  States, including 42 U.S.C. § 1983, and under state tort law and Washington's Law

9  Against Discrimination. This Court has jurisdiction over the § 1983 claim pursuant

10  to 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights). This Court may

11  exercise supplemental jurisdiction over the related state law claims pursuant to 28

12  U.S.C. § 1367.

13  5.     Venue is proper in the Eastern District of Washington pursuant to

14  28 U.S.C. § 1391(b)(1), as at least one Defendant resides in this district and all

15  Defendants reside in this state. In addition, venue is proper under 28 U.S.C.

16  § 1391(b)(2), as a substantial part of the events or omissions giving rise to this

17  claim occurred in this judicial district.

18  6.     Declaratory relief is authorized under 28 U.S.C. §§ 2201 and 2202

19  and Federal Rule of Civil Procedure 57. Injunctive relief is authorized pursuant to

20

COMPLAINT - 2
Case No. 2:25-cv-3

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

1  the Court's inherent equitable powers, 42 U.S.C. § 1983, Federal Rule of Civil

2  Procedure 65, and the Washington Law against Discrimination.

3  ## PARTIES

4      7.     Plaintiff Serafin Rangel-Sambrano is a resident of Washington.

5      8.     Defendant Adams County Sheriff's Office is a department of Adams

6  County, operates the Adams County Jail, and establishes and implements all jail

7  policies.

8      9.     Defendant Adams County is the local governmental entity responsible

9  for the Adams County Sheriff's Office, which operates the Adams County Jail.

10      10.    Defendant Evan Armstrong was a Corporal assigned to the Adams

11  County Jail at the time of Mr. Rangel's detention, and a legal custodian of Plaintiff

12  at all times relevant to this action. Defendant Armstrong is sued in his individual

13  capacity.

14      11.    Defendant Dale Wagner is the Sheriff of Adams County. As Sheriff,

15  he is responsible for Adams County Sheriff's Office and Adams County Jail

16  policies and practices. He is also responsible for supervising the work of the

17  Adams County Sheriff's Office and Adams County Jail employees. He is sued in

18  his individual and official capacity.

19

20

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

# STATEMENT OF FACTS

**Mr. Rangel's Arrest and Booking**

12.     On the evening of March 9, 2023, the automatic license plate reader in Adams County Sheriff's Office Deputy Angel Valverde's patrol vehicle notified him of a hit on a stolen car out of Ellensburg, Washington, while he was on duty in Othello, Washington.

13.     Deputy Valverde located the vehicle around 7:30pm at a residence. He and other deputies then engaged several individuals at the scene.

14.     One individual at the scene, Carlos Villanueva Martinez, noted that he had seen Plaintiff Serafin Rangel-Sambrano or another person, Jose Joaquin Juarez Ramirez, recently driving the stolen car.

15.     After this exchange, Sergeant Juan Garcia confronted and arrested Mr. Rangel, placing Mr. Rangel in his patrol vehicle.

16.     During subsequent questioning, Mr. Rangel denied having stolen the car, explained that he drove it with permission, and reported having driven the car with a key.

17.     Following Mr. Rangel's arrest, Adams County Sheriff's deputies first transported him to the Othello substation, and then later booked him into the Franklin County Jail.

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

18.     The Franklin County Jail contracts with Adams County to provide detention services.

19.     Mr. Rangel was booked into jail on two separate matters: (1) a possession of stolen vehicle charge, and (2) an outstanding warrant for Case No. 2A0250769 in the Adams County District Court.

20.     The booking records also indicate that the Adams County Sheriff's Office placed a "Hold for Homeland Security. Spokane Border Patrol." Adams County's own booking records similarly indicate that a "Misc Hold" was placed at the time of booking.

21.     At some point following Mr. Rangel's arrest, Deputy Garcia spoke to U.S. Border Patrol agents and allowed a Border Patrol agent to speak to Mr. Rangel by phone.

22.     Prior to the interview with Border Patrol, neither Sergeant Garcia nor any other Adams County deputy explained to Mr. Rangel his rights regarding interviews with federal immigration officials, nor did any County employee obtain written consent for the interview.

23.     During the course of Mr. Rangel's call with a Border Patrol agent, the agent determined that there was reason to believe Mr. Rangel was unlawfully present in the United States.

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

24.     Unlawful presence in the United States is a civil immigration violation.

25.     At 5:07am on the morning of March 10, 2023, Adams County Corrections Corporal Evan Armstrong emailed a "New In Custody List" to an agent with Immigration and Customs Enforcement, among others. That list included Mr. Rangel.

**Adams County Prosecutors and the District Court Clear Mr. Rangel for Release**

26.     After Mr. Rangel was detained overnight on the warrant and vehicle charge, two important developments occurred.

27.     First, at 7:15am on the morning of March 10, 2023, the Adams County Office of the Prosecuting Attorney informed the Sheriff's Office that they would "bring a Prosecutor Release letter to the jail shortly." That letter again confirmed the "office [would] not be filing a felony information against [Mr. Rangel] at the present time." The letter further stated that Mr. Rangel was therefore "exonerated from his/her arrest on the felony booking allegations . . . and may be released . . . provided there are no other holds in effect."

28.     About a month later, on April 7, 2023, the Office of the Prosecuting Attorney declined prosecution altogether, explaining that the "State is unable to prove beyond a doubt that [Mr. Rangel] knew the Civic had been stolen."

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

29.     Second, after the Office of the Prosecuting Attorney cleared Mr. Rangel for release, the Adams County District Court ordered him released on personal recognizance with respect to the case where he had a pending warrant.

30.     County records indicate that jail employees received the district court's order by 1:23pm on March 10, 2023.

**Corporal Armstrong Transports Mr. Rangel to U.S. Border Patrol Custody**

31.     Although the actions taken by both the Adams County District Court and the Office of the Prosecuting Attorney required that Mr. Rangel be released, the Sheriff's Office did not release him.

32.     Instead, after Corporal Armstrong had received both the prosecutor letter and the court order, he emailed the Franklin County Jail to inform the jail he would pick up Mr. Rangel shortly.

33.     At the time, no basis existed under federal or state law authorizing Adams County to continue holding Mr. Rangel.

34.     At the time, Adams County had no judicial warrant to authorize Mr. Rangel's continued detention.

35.     Indeed, at that time, Adams County had no detainer, administrative warrant, or any other document in its possession that purported to request or otherwise authorize Mr. Rangel's detention or transport to U.S. Border Patrol custody.

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

36.    Even if the County did possess a document other than a judicial warrant, it would not have provided a basis to continue Mr. Rangel's detention.

37.    Nevertheless, Corporal Armstrong arrived at the Franklin County Jail and took custody of Mr. Rangel, placing him in his vehicle.

38.    Corporal Armstrong then drove Mr. Rangel to Ritzville, Washington, over 70 miles from the Franklin County Jail.

39.    Corporal Armstrong transported Mr. Rangel to Ritzville for the sole purpose of transferring custody of Mr. Rangel to the U.S. Border Patrol.

40.    Corporal Armstrong subsequently transferred custody of Mr. Rangel to U.S. Border Patrol agents in Ritzville, Washington.

41.    Mr. Rangel's federal arrest record indicates that he was placed under arrest because of his suspected unlawful presence in the United States.

**Adams County Sheriff's Office Immigration Hold Policy and Washington's Keep Washington Working Law**

42.    Local law enforcement in Washington does not have authority under federal or state law to engage in civil immigration enforcement.

43.    Washington's Keep Washington Working (KWW) law, which went into effect in 2019, restricts local law enforcement's contacts with federal immigration authorities and further confirms their inability to detain individuals for federal immigration purposes.

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

44.     Specifically, under that law, local law enforcement may not detain individuals in their custody "based solely on a civil immigration warrant, or an immigration hold request." RCW 10.93.160(8). State law defines such documents and requests to include Immigration and Customs Enforcement (ICE) or Customs and Border Protection (CBP) detainer requests on Form I-247 or administrative warrants on Form I-200. *See* RCW 43.17.420(1), (5).

45.     The law further prohibits local law enforcement like the Adams County Sheriff's Office from sharing "nonpublicly available personal information" with federal immigration authorities. RCW 10.93.160(5). It also prohibits them from "inquir[ing] into or collect[ing] information about an individual's immigration or citizenship status, or place of birth." RCW 10.93.160.

46.     Washington law further bars local law enforcement from permitting federal immigration authorities access to interview individuals in local law enforcement custody, unless the local officers first provide an oral explanation of the interview in the person's native language and obtain written consent. RCW 10.93.160(6)(b).

47.     Defendants Adams County and the Adams County Sheriff's Office had policies and practices that violated these state requirements at the time of Mr. Rangel's arrest.

48.     The same policies remain in effect today.

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

49.    At the time Defendants detained Mr. Rangel, Adams County had a policy and practice of detaining individuals based solely on a request a from DHS (including any of its sub-agencies or departments, such as U.S. Border Patrol or ICE), even when those individuals would otherwise be entitled to release from Adams County custody.

50.    The Adams County Sheriff's Office has two manuals: one for its deputies, and one for corrections officials.

51.    Officially, the Adams County Deputies Policy Manual instructs its employees that they "should not detain any individual, for any length of time, for a civil violation of federal immigration laws or a related civil warrant." The policy further states that "[i]f the deputy has facts that establish probable cause to believe that a person already lawfully detained has committed a criminal immigration offense, he/she may continue the detention and may request ICE or CBP to respond to the location not take custody of the detained person." The policy also explains that "[n]o individual who is otherwise ready to be released should continue to be detained only because questions about the individual's status are unresolved."

52.    The Adams County Corrections Manual contains no similar restrictions. To the contrary, it explicitly contemplates that individuals will be held "solely for civil immigration purposes," as corrections officers are required to

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

1    indicate whether an individual is held on this basis when classifying the basis for

2    their detention.

3         53.    Moreover, the Corrections Manual instructs that corrections officers

4    shall "notify United States immigration officials when any foreign national is

5    committed to the custody of the jail."

6         54.    The Corrections Manual further contemplates that booking officers

7    will request place of birth information.

8         55.    Neither the Deputies Manual nor the Corrections Manual contains

9    provisions regarding the proper policy for handling a request from a federal

10   immigration officer to interview a person in Adams County custody.

11        56.    The Adams County Sheriff's Office also provides federal immigration

12   authorities with daily or near daily "new in custody" lists for people booked into

13   county custody. These lists are not made available to the general public, except by

14   public records request.

15        57.    Since KWW went into effect, Adams County has repeatedly violated

16   the provisions of the law. Federal arrest records indicate that on several occasions

17   since 2019, the Adams County Sheriff's Office has held individuals for the purpose

18   of transferring them to federal custody or facilitated their interview by federal

19   immigration authorities to ensure they were arrested by the U.S. Border Patrol,

20   even when the individual was otherwise subject to release.

COMPLAINT - 11
Case No. 2:25-cv-3

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

58.     In addition, documents obtained by the University of Washington's Center for Human Rights and the Washington State Attorney General's office reflect a pattern of affirmative contact with immigration authorities that violates state law. Those records similarly reflect Defendants' reliance on requests from U.S. immigration authorities to detain individuals in Defendants' custody for civil immigration purposes. *See* Univ. of Wash. Ctr. for Human Rights, Paths to Compliance: The Effort to Protect Immigration Rights in Washington State 10–12 (Aug. 2024), https://jsis.washington.edu/humanrights/wp-content/uploads/sites/22/2024/07/2024-KWW-update-report-FINAL3.pdf.

59.     Civil rights groups and the Washington Attorney General's Office in Washington have warned the Adams County Sheriff's Office and the Office of the Prosecuting Attorney that these policies and actions violate state law on at least two occasions.

60.     On information and belief, no action was taken in response to these warnings.

61.     In addition, the Adams County Sheriff's Office and Sheriff Dale Wagner have never provided training to the Office's personnel regarding immigration holds and the implications of such holds under the Fourth Amendment and state law.

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

62.     Public records requests confirm the failure to provide any training. On September 18, 2024, counsel for Mr. Rangel requested records from the Sheriff's Office regarding trainings administered during the past five years on immigration holds and contact with federal immigration officers.

63.     On October 17, 2024, the County responded, stating that no responsive records exist.

### CAUSES OF ACTION

### COUNT I

### Detention in Violation of Civil Rights – 42 U.S.C. § 1983
### (Against Defendants Adams County Sheriff's Office
### and Adams County)

64.     All of the foregoing allegations are repeated and re-alleged as though fully set forth herein.

65.     The Fourth Amendment protects Mr. Rangel's right to be secure in his person against unreasonable seizures. A seizure unsupported by probable cause and a neutral magistrate's probable cause finding is unreasonable.

66.     The Adams County Sheriff's Office is a "person" for purposes of liability under 42 U.S.C. § 1983.

67.     Adams County is a "person" for purposes of liability under 42 U.S.C. § 1983.

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

68.    Defendant Armstrong and other employees of the Adams County Sheriff's Office acted under color of state law.

69.    Defendant Armstrong requested that the Franklin County Jail continue to detain Mr. Rangel and later transported him to U.S. Border Patrol Custody after the Office of the Prosecuting Attorney cleared him for release and after the Adams County District Court ordered him released on personal recognizance.

70.    Mr. Rangel's continued detention after his court-ordered release constituted a new seizure under the Fourth Amendment.

71.    Defendant Armstrong ordered the continued detention based on, at most, the hold notation in Mr. Rangel's file and/or an oral request from U.S. Border Patrol.

72.    Mr. Rangel's continued detention was not supported by probable cause, a judicial warrant, or a probable cause determination by a neutral magistrate.

73.    Court decisions from this Court and the U.S. District Court for the Western District of Washington have made clear that detaining a person pursuant to an immigration hold based on a federal administrative detainer, administrative warrant, or similar request violates the Fourth Amendment.

74.    In detaining Mr. Rangel pursuant to the request from U.S. Border Patrol, Defendant Armstrong acted pursuant to the policy and practice of Adams County and the Adams County Sheriff's Office.

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

75.     Defendants Adams County Sheriff's Office and Adams County have a practice of detaining individuals when requested to do so by an official from the Department of Homeland Security.

76.     The policy and practice of Defendants Adams County Sheriff's Office and Adams County caused Mr. Rangel's detention without probable cause and without a judicial warrant.

77.     The policy and practice of Defendants Adams County and Adams County Sheriff's Office violated the Fourth Amendment right to be free from unreasonable seizures.

78.     As a result of this deprivation of rights, Mr. Rangel has suffered damages, including loss of liberty and emotional distress.

## COUNT II

### Detention in Violation of Civil Rights – 42 U.S.C. § 1983
### (Against Defendant Evan Armstrong)

79.     All of the foregoing allegations are repeated and re-alleged as though fully set forth herein.

80.     Defendant Armstrong authorized Mr. Rangel's continued detention after the Office of the Prosecuting Attorney cleared him for release and after the Adams County District Court ordered him released on personal recognizance.

81.     The immigration hold and/or oral request from U.S. Border Patrol that Defendant Armstrong relied on to authorize the continued detention was not

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

1    supported by probable cause or a probable cause determination by a neutral

2    magistrate.

3        82.    Defendant Armstrong had no legal authority to take Mr. Rangel into

4    custody after the state court issued its order granting Mr. Rangel's release.

5        83.    Defendant Armstrong had no legal authority to subsequently place

6    Mr. Rangel in Defendant Armstrong's vehicle and transport Mr. Rangel from the

7    Franklin County Jail to Ritzville, Washington, where he then handed Mr. Rangel

8    over to Border Patrol agents.

9        84.    Defendant Armstrong violated Mr. Rangel's right under the Fourth

10   Amendment to be free from unreasonable seizures.

11       85.    As a result of this deprivation of rights, Mr. Rangel has suffered

12   damages, including loss of liberty and emotional distress.

13                                    **COUNT III**

14            **Failure to Train and/or Supervise – 42 U.S.C. § 1983**
             **(Against Defendants Adams County Sheriff's Office,**
15                **Adams County, and Dale Wagner)**

16       86.    All of the foregoing allegations are repeated and re-alleged as though

17   fully set forth herein.

18       87.    Defendants Adams County Sheriff's Office, Adams County, and Dale

19   Wanger acted with deliberate indifference by failing to adequately train or

20   supervise their employees regarding immigration holds.

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

88.     Defendants have not provided any trainings on proper interactions and contact with immigration authorities or regarding immigration holds to Adams County Sheriff's Office employees in the past five years.

89.     On at least two occasions in the past five years, Defendants have been warned by civil rights groups and state authorities that the County's actions likely violate the law. The County provided no response and took no action in response to avoid further violations of the law.

90.     Court decisions from this Court and the U.S. District Court for the Western District of Washington have also made clear that detaining a person pursuant to an immigration hold based on a federal administrative detainer, administrative warrant, or similar request violates the Fourth Amendment.

91.     Accordingly, Defendants were on notice that the type of actions their employees took with respect to Mr. Rangel violated the Fourth Amendment.

92.     The failure to train or supervise constituted municipal policy. Sheriff's Office and County employees have repeatedly committed obvious and egregious violations of the law regarding immigration holds.

93.     This failure to train or adequately supervise caused Mr. Rangel's unlawful detention.

94.     As a result of this deprivation of rights, Mr. Rangel has suffered damages, including a loss of liberty and emotional distress.

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

# COUNT IV

### False Arrest – Washington Tort Law
### (Against Defendants Adams County Sheriff's Office,
### Adams County, and Evan Armstrong)

95.    All of the foregoing allegations are repeated and re-alleged as though fully set forth herein.

96.    Under Washington state law, "[t]he gist of an action for false arrest or false imprisonment is the unlawful violation of a person's right of personal liberty or the restraint of that person without legal authority." *Bender v. City of Seattle*, 99 Wn. 2d 582, 590, 664 P.2d 492 (1983).

97.    Washington law provides that county jails cannot "h[o]ld [a person] in custody, solely for the purposes of determining immigration status or based solely on a civil immigration warrant, or an immigration hold request." RCW 10.93.160(8).

98.    This prohibition applies regardless of whether a federal immigration official issues a detainer or other documents that purport to authorize detention. *See* RCW 43.17.420(1), (5).

99.    Defendants held Mr. Rangel based solely on an oral request from a U.S. Border Patrol agent.

100.    The Border Patrol agent's request did not provide Defendants with probable cause to detain Mr. Rangel.

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

101.   Even if the request provided probable cause, Washington law barred Mr. Rangel's continued detention after the Adams County District Court ordered him released on personal recognizance.

102.   Defendants had no legal authority to take custody of Mr. Rangel at the Franklin County Jail after the state court ordered his release and to transport him over 70 miles to Ritzville, Washington, to meet up with Border Patrol agents.

103.   As a result of this deprivation of rights, Mr. Rangel has suffered damages, including a loss of liberty and emotional distress.

## COUNT V

**Discrimination Based on Immigration Status – RCW 49.60.030**
**(Against All Defendants)**

104.   All of the foregoing allegations are repeated and re-alleged as though fully set forth herein.

105.   Washington law recognizes a right to be free from discrimination based on immigration status under the Washington Law Against Discrimination (WLAD). RCW 49.60.030(1).

106.   Under Washington law, this right to be free from discrimination includes "[t]he right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement."  RCW 49.60.030(1)(b). Such places include "any

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

place . . . for public conveyance or transportation on land, water, or in the air, including the stations and terminals thereof." RCW 49.60.040(2). "Full enjoyment" of the place includes being admitted to the place "without acts directly or indirectly causing persons . . . to be treated as not welcome, accepted, desired, or solicited." RCW 49.60.040(14).

107.   Defendants prevented Mr. Rangel from accessing public accommodations, like the sidewalk and street outside the jail, based on his perceived immigration status.

108.   In doing so, Defendants discriminated against Mr. Rangel and violated the Washington Law Against Discrimination.

109.   WLAD provides a private cause of action to recover money damages for individuals who have been injured by a violation of their right to be free from discrimination. RCW 49.60.030(2).

110.   WLAD also provides a private cause of action to enjoin future violations of the statute. RCW 49.60.030(2).

111.   As a result of this deprivation of rights, Mr. Rangel has suffered damages, including a loss of liberty and emotional distress.

## **PRAYER FOR RELIEF**

Plaintiff asks this Court to grant the following relief:

1.   Declare that Adams County's practice of placing immigration holds

COMPLAINT - 20
Case No. 2:25-cv-3

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

1    and detaining individuals pursuant to requests from DHS is unlawful and violates

2    the rights guaranteed by the Fourth Amendment, Keep Washington Working, and

3    the Washington Law Against Discrimination;

4        2.    Enjoin Adams County, the Adams County Sheriff's Office, Sheriff

5    Dale Wagner, and their employees from violating the rights of and discriminating

6    against Mr. Rangel and similarly situated individuals by prohibiting their release

7    based on a request for continued detention from U.S. immigration authorities;

8        3.    Enjoin Adams County, the Adams County Sheriff's Office, Sheriff

9    Dale Wagner, Corporal Officer Armstrong, and other employees of Adams County

10   Sheriff's Office, from transporting persons for civil immigration enforcement

11   actions;

12       4.    Award Plaintiff damages arising from Defendants' unlawful detention

13   in an amount to be proven at trial;

14       5.    Award attorney fees and costs under 42 U.S.C. § 1988, the

15   Washington Law Against Discrimination, and under any other basis justified under

16   law; and

17       6.    Grant other further relief as just and appropriate.

18

19

20

COMPLAINT - 21
Case No. 2:25-cv-3

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

DATED this 7th of January, 2025.

s/ *Matt Adams*
Matt Adams, WSBA #28287

s/ *Glenda Aldana Madrid*
Glenda Aldana Madrid, WSBA #46987

s/ *Leila Kang*
Leila Kang, WSBA #48048

s/ *Aaron Korthuis*
Aaron Korthuis, WSBA #53974

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA  98104
(206) 957-8611
matt@nwirp.org
glenda@nwirp.org
leila@nwirp.org
aaron@nwirp.org

*Attorneys for Plaintiff*

COMPLAINT - 22
Case No. 2:25-cv-3

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611