FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 25, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SERAFIN RANGEL-SAMBRANO,<br><br>Plaintiff,<br><br>v.<br><br>ADAMS COUNTY SHERIFF'S OFFICE, ADAMS COUNTY, EVAN ARMSTRONG, Corporal, Adams County Sheriff's Office, in his individual capacity; DALE WAGNER, Sheriff, Adams County Sheriff's Office, in his individual and official capacity,<br>            Defendants. | No: 4:25-CV-00003-RLP<br><br>ORDER DENYING MOTION FOR STIPULATED PROTECTIVE ORDER |

Before the Court is the parties' Joint Motion for Entry of Revised Stipulated Protective Order, ECF No. 11. The parties seek a protective order to protect confidential material including: (1) "Medical, psychological, financial, family, personnel, and arrest related records of plaintiff, officers, and/or other non-parties;"

ORDER GRANTING IN PART JOINT MOTION FOR REVISED STIPULATED PROTECTIVE ORDER ~ 1

and (2) "Records that implicate privacy rights of the defendants, plaintiff, or third parties, including but not limited to personal identifying information ("PII") such as date of birth, social security number, personal home address, phone number, email address, driver's license or state identification number, personal financial information, passport information, immigration status, criminal history and/or criminal record numbers, any information protected from release by applicable statute, and other unspecified PII." *Id.*

There is a strong presumption in favor of access to court records. *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012). Even when parties agree to protective measures for discovery materials, courts generally favor allowing access to such materials by individuals involved in related litigation, as this promotes the judicial economy.[1] *Cordero v. Stemilt AG Servs., LLC*, 2025 WL 1902292 at *4-5 (9th Cir. July 10, 2025) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003)).

However, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or

---

[1] Here, there is an ongoing and related case where discovery materials may overlap, further supporting the need for coordinated access to discovery materials. *See State of Washington v. Adams County Sheriff's Office et al,* No. 25-2-01212-32 (Sup. Ct. Spokane Cnty 2025).

ORDER GRANTING IN PART JOINT MOTION FOR REVISED STIPULATED PROTECTIVE ORDER ~ 2

expense." FRCP 26(c). The party seeking a protective order has the burden of establishing good cause and must show prejudice "for each particular document it seeks to protect." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). The requirement to demonstrate good cause cannot be waived, and remains even where the parties stipulate to the order. *San Jose Mercury News, Inc. v. U.S. Dist. Ct.--N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999).

It is this Court's preference to not enter general Protective Orders that simply set forth the parties' agreement for handling "confidential" materials. Here, the Parties have not set forth any allegations of potential harm should these categories of information be released. While some categories, such as social security numbers and home addresses, are specific and likely to meet this threshold, other categories contain publicly available records that may not rise to the same level of sensitivity or harm if disclosed. This is especially so with regards to criminal history, much of which is a matter of public record.

The Court finds the categories of "confidential material" as defined by the parties to be vague and overbroad. "Records that implicate privacy rights the defendants, plaintiff, or third Parties" is a vague and broad description with an

ORDER GRANTING IN PART JOINT MOTION FOR REVISED STIPULATED
PROTECTIVE ORDER ~ 3

undefined reach. As for the parties' definition of "PII," they fail to describe specific harm resulting from the disclosure of such records. For these reasons, the Court declines to issue a protective order proposed by the parties.

The parties are free to contract between themselves regarding disclosure of information produced in discovery and pursue appropriate remedies in the event of breach; however, the Court will not be party to such an agreement. If the parties wish to file specific items of discovery in the court record and protect such items from public access, the Court will entertain a motion to seal or an application for a narrowly tailored protective order.

Accordingly, **IT IS HEREBY ORDERED** that the parties' Joint Motion for Entry of Revised Stipulated Protective Order, **ECF No. 11**, is **DENIED.** The District Court Executive shall enter this order and provide copies to counsel.

**DATED** July 25, 2025.



REBECCA L. PENNELL
United States District Judge

ORDER GRANTING IN PART JOINT MOTION FOR REVISED STIPULATED PROTECTIVE ORDER ~ 4