FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 20, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SERAFIN RANGEL-SAMBRANO,<br><br>    Plaintiff,<br><br>    v.<br><br>ADAMS COUNTY SHERIFF'S OFFICE, ADAMS COUNTY, EVAN ARMSTRONG, Corporal, Adams County Sheriff's Office, in his individual capacity; DALE WAGNER, Sheriff, Adams County Sheriff's Office, in his individual and official capacity,<br><br>    Defendants. | No. 2:25-CV-00003-RLP<br><br>ORDER ON MOTION FOR SUMMARY JUDGMENT |

    BEFORE THE COURT is Defendants' Motion for Summary Judgment, ECF No. 13. Plaintiff is represented by Aaron Korthuis, Glenda Melinda Aldana Madrid, Leila Kang, Matthew H. Adams, and Amanda Ng. Defendants are represented by Jeremy W. Culumber and Anthony Scott Marinella. This matter was submitted for consideration without oral argument.

ORDER ON MOTION FOR SUMMARY JUDGMENT ~ 1

Plaintiff Serafin Rangel-Sambrano's Complaint centers on the allegation that Defendants unlawfully detained him after he was released from local criminal charges. Defendants deny any wrongdoing. They contend there was no prolonged detention; Mr. Rangel-Sambrano was released pursuant to standard protocol. Alternatively, Defendants argue that, even if there was a prolonged detention, this was not illegal. Based on a legal rule known as the collective knowledge doctrine, Defendants argue Adams County Sheriff's deputies had probable cause to arrest Mr. Rangel-Sambrano for a criminal violation of U.S. Immigration law. Thus, to the extent Mr. Rangel-Sembrano was detained beyond what was necessary to process his local charges, this detention was lawful.

Having reviewed the record and parties' arguments, the Court concludes issues of fact largely preclude granting Defendants' motion. While the Adams County Sheriff's Office is entitled to relief, given that it does not legally qualify as an entity amenable to suit, Mr. Rangel-Sambrano's claims against the remaining defendants survive summary judgment.

## BACKGROUND

In the evening hours of March 9, 2023, Adams County Sheriff's deputies arrested Mr. Rangel-Sembrano and a companion on suspicion of possessing a stolen vehicle. ECF No. 14-1 (Exh. 1). During post-arrest interviews, Mr. Rangel-Sembrano and his companion made statements suggesting possible involvement

ORDER ON MOTION FOR SUMMARY JUDGMENT ~ 2

with a well-known drug trafficker. ECF No. 16 ¶¶ 4-6. To follow up, Sherriff's Sergeant Juan Garcia contacted the Department of Homeland Security (DHS) about whether Mr. Rangel-Sembrano or his companion may have been the subjects of a narcotics investigation. *Id*.

Sergeant Garcia spoke with Border Patrol Agent Cody Mumau. *Id*. at ¶¶8-9. Agent Mumau told Sergeant Garcia he was unaware of any pending investigation involving Mr. Rangel-Sambrano or his companion. *Id.*

Agent Mumau also conducted a telephone interview of Mr. Rangel-Sembrano. ECF No. 18, ¶4. During the interview, Mr. Rangel-Sembrano admitted that he was a Mexican citizen, that he had been in the United States for a significant amount of time, that he had never been lawfully admitted into the United States, and that he had no documentation allowing him to be in the country. *Id*. There is no indication Agent Mumau shared the foregoing information from Mr. Rangel-Sembrano with anyone at Adams County. Additionally, no one from Adams County asked Mr. Rangel-Sembrano about his immigration status.

Mr. Rangel-Sembrano and his companion were initially processed by Adams County correctional staff. ECF No. 14-12 (Exh. 9). However, because the Adams County Jail was closed to overnight housing, sheriff's deputies transported Mr. Rangel-Sembrano and his companion to Franklin County Jail where the county had an agreement for overnight jail services. ECF No. 28-4.

ORDER ON MOTION FOR SUMMARY JUDGMENT ~ 3

That evening, Agent Mumau issued an immigration detainer for Mr. Rangel-Sembrano to the Franklin County Jail. ECF No. 18, ¶5. Adams County was not provided the detainer. ECF No. 19, ¶6.

The next morning, the Adams County Prosecutor declined to file charges. ECF No. 14-15 (Exh. 12). Later that afternoon, the district court notified the sheriff's office that Mr. Rangel-Sembrano was released on his own recognizance. ECF No. 14-16 (Exh. 13) at 2. The sheriff's office then emailed the Franklin County Jail that a deputy would be picking up Mr. Rangel-Sembrano and his companion for transport back to Adams County for release. ECF No. 14-17 (Exh. 14).

A remark in the Franklin County booking report lists Mr. Rangel-Sembrano as "Released by Court." ECF No. 14-14 (Exh. 11) at 3. The report states Mr. Rangel-Sembrano was released via a "Transfer to Other Jail." *Id*. Below this statement is the following comment: "3/10/23 rels to adams co transporting to [Ritzville] for [Spokane] border patrol F534." *Id*. Adams County's transport notes indicate a sheriff's deputy arrived at the Franklin County Jail at 2:56 p.m. on March 10. ECF No. 14-13 (Exh. 10) at 2. The notes further specify the officer was en route as of 3:29 p.m. with the description, "RITZVILLE W/2 FOR BORDER PATR." *Id*.

Mr. Rangel-Sembrano arrived back at the Adams County jail at 4:26 p.m. *Id*.

ORDER ON MOTION FOR SUMMARY JUDGMENT ~ 4

In his deposition, Mr. Rangel-Sembrano alleges he remained at the jail, in handcuffs, for approximately 10-15 minutes before being taken into custody by a different law enforcement officer. ECF No. 14-19 (Exh. 16) at 9. According to DHS records, a border patrol agent contacted Mr. Rangel-Sambrano at the Ritzville County Jail at approximately 5:00 p.m. on March 10, 2023. ECF No. 14-11 (Exh. 8) at 4. Mr. Rangel-Sembrano was then taken into immigration custody and processed for administrative removal proceedings. *Id.*

Mr. Rangel-Sembrino filed suit in the Eastern District of Washington against Defendants Adams County Sheriff's Office, Adams County, Evan Armstrong and Dale Wagner. He alleges claims under Section 1983 for unlawful detention against Adams County Sheriff's Office, Adams County and Evan Armstrong, and for failure to train and/or supervise against Adams County Sheriff's Office, Adams County and Dale Wagner; false arrest against Adams County Sheriff's Office, Adams County and Evan Armstrong; and discrimination under the Washington Law Against Discrimination (WLAD) against all defendants. Defendants filed a motion for summary judgment, seeking relief on all claims.

## ANALYSIS

Summary judgment will be granted if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56(a). In ruling on a motion for summary judgment, the

ORDER ON MOTION FOR SUMMARY JUDGMENT ~ 5

Court views the evidence and inferences therefrom "in the light most favorable to the adverse party." *James River Ins. Co. v. Herbert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008) (quoting *Jones v. Halekulani Hotel, Inc.*, 557 F.2d 1308, 1310 (9th Cir. 1977)). "A fact issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505 (1986)).

Mr. Rangel-Sembrano's legal claims are premised on the argument that he was illegally detained by Adams County Sheriff's deputies after being ordered released from local charges on March 10, 2023. According to Defendants, Mr. Rangel-Sembrano cannot overcome summary judgment on his claims because: (1) there are no facts indicating Mr. Rangel-Sembrano was detained beyond was what necessary to book him out of custody and, (2) even if Mr. Rangel-Sembrano was subjected to prolonged detention, the detention was lawful because Adams County had probable cause to arrest Mr. Rangel-Sembrano through application of the collective knowledge doctrine. Each of Defendants' arguments is addressed in turn.

1. Prolonged Detention

Defendants have produced substantial evidence that it was Adams County Sheriff's Office policy to transport detainees held in Franklin County back to

ORDER ON MOTION FOR SUMMARY JUDGMENT ~ 6

Adams County for purposes of release. Were the undisputed evidence to show that Adams County abided by this policy, and Mr. Rangel-Sembrano was being processed for release upon return to Adams County, then Defendants might be entitled to summary judgment. However, the facts construed in the light most favorable to Mr. Rangel-Sembrano indicate Mr. Rangel-Sembrano was not released from custody once he arrived back at Adams County. Instead, once he arrived back at the Adams County Jail, he remained detained in handcuffs until taken into custody by a border patrol agent. Given this state of the record, Defendants are not entitled to summary judgment on the issue of prolonged detention.

*2. Probable Cause and the Collective Knowledge Doctrine*

Defendants argue that even if Mr. Rangel-Sembrano was detained for longer than necessary to effectuate his release, his detention was lawful because Agent Mumau had probable cause to arrest Mr. Rangel-Sembrano for a criminal immigration violation. Defendants explain that even though no one in the Adams County Sheriff's Office had information regarding Mr. Rangel-Sembrano's immigration status, probable cause to arrest was imputed to Adams County from Border Patrol Agent Mumau under a legal rule known as the collective knowledge doctrine.

The collective knowledge doctrine applies in two situations. The first "is

ORDER ON MOTION FOR SUMMARY JUDGMENT ~ 7

where law enforcement agents are working together in an investigation but have not explicitly communicated the facts each has independently learned." *United States v. Ramirez*, 473 F.3d 1026, 1032 (9th Cir. 2007). The second occurs when an officer has personal knowledge of the facts necessary for probable cause to arrest and then "directs or requests that another officer, not previously involved in the investigation, conduct … [an] arrest." *Id*. at 1033. Both situations require evidence of communication. *United States v. Villasenor*, 608 F.3d 467, 475-76 (9th Cir. 2010).

     Neither of the two collective knowledge scenarios applies here. First, the evidence is undisputed that no one in the Adams County Sheriff's Office was working with Agent Mumau or anyone in homeland security to investigate Mr. Rangel-Sembrano for a criminal immigration violation. Second, there is no evidence Agent Mumau directed any state law enforcement officer—in Adams County or otherwise—to arrest Mr. Rangel-Sembrano for a criminal immigration violation. The evidence merely shows that Agent Mumau lodged an immigration detainer with Franklin County and that, given the booking report and transportation notes, Adams County Sheriff's officers were aware of the detainer. As Agent Mumau explains in his declaration, an immigration detainer does not authorize local law enforcement officers to "detain a suspect past the time for their release from custody." ECF No. 18, ¶12. Rather, if Border Patrol wants to take custody of

ORDER ON MOTION FOR SUMMARY JUDGMENT ~ 8

a person who is being released from criminal charges, the officer "will need to be present at the local agency ***before*** the individual is released." *Id*. at ¶13 (emphasis in original).

The requirements of the collective knowledge doctrine are not met in this case. Thus, the fact that Agent Mumau may have had probable cause to arrest Mr. Rangel-Sembrano for a crime cannot be imputed to Adams County. Without application of the collective knowledge doctrine, no one from Adams County was entitled to detain Mr. Rangel-Sembrano beyond what was necessary to effectuate his release from local custody.

Defendants have not shown an absence of material fact as to whether Mr. Rangel-Sembrano was subjected to an illegal arrest. As Defendants recognize in their briefing, the viability of Mr. Rangel-Sembrano's claims all turn on this issue.[1] Thus, Defendants are not entitled to summary judgment, save for one limited issue.

---

[1] Defendants make passing reference to an argument that Mr. Rangel-Sembrano's Washington Law Against Discrimination claim cannot survive because he has not demonstrated he was denied access to a place of public accommodation. This argument is insufficiently developed and does not have clear merit. *See Taylor v. City of Seattle*, 2018 WL 5024029 at *3 (W.D. Wash. Oct. 17, 2018); *A.J. v. City of Bellingham*, 2018 WL 3390485 at *2-4 (W.D. Wash July 12, 2018).

ORDER ON MOTION FOR SUMMARY JUDGMENT ~ 9

Specifically, Mr. Rangel-Sembrano's complaint lists the Adams County Sheriff's Office as a separate defendant. But under Washington law, sheriff's departments are not independent agencies subject to suit. *See Nolan v. Snohomish County*, 59 Wn. App. 876, 883, 801 P.2d 792 (1990) (In Washington, "the county itself is the only legal entity capable of suing and being sued.") Mr. Rangel-Sembrano does not dispute that the Adams County Sheriff's Office should be removed as a separate defendant. The Court therefore dismisses all claims against the Adams County Sheriff's Office.

CONCLUSION

Mr. Rangel-Sembrano's claims largely survive Defendants' motion for summary judgment. Based on the foregoing,

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED in part** and **DENIED in part**.

    a. Defendant's motion is granted as to Plaintiff's claims against the Adams County Sheriff's Office. All claims against Defendant Adams County Sheriff's Office are **dismissed with prejudice**.

    b. Defendant's motion is denied as to Plaintiffs claims against all remaining defendants.

//

ORDER ON MOTION FOR SUMMARY JUDGMENT ~ 10

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** January 20, 2026

_____
REBECCA L. PENNELL
DISTRICT COURT JUDGE

ORDER ON MOTION FOR SUMMARY JUDGMENT ~ 11